Argued and submitted October 1, reversed and remanded November 24, 1980

## PUBLICITY PROVIDERS INC.,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

(No. 79-T-114, CA 17949)

619 P2d 962

Richard C. Hunt, Portland, waived argument for petitioner. On the brief were Richard C. Hunt and Spears, Lubersky, Campbell & Bledsoe, Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

PER CURIAM.

THORNTON, J., dissenting opinion.

**PER CURIAM**

Reversed and remanded for reconsideration in light of this court's decision in *Pam's Carpet Service v. Employment Div.,* 46 Or App 675, 613 P2d 52, *rev den* (1980).

**THORNTON, J.,** dissenting.

The majority holds without any discussion that a group of salespersons who sell commercial advertising specialties such as ball point pens, calendars, decals, etc., for Publicity Providers, Inc., on a commission basis are not employes within the meaning of the Unemployment Compensation Law.

I cannot agree. This case is clearly distinguishable on the facts from *Pam's Carpet Service v. Employment Div.,* 46 Or App 675, 613 P2d 52, *rev den* 289 Or 677 (1980), which the majority cites as the sole authority for its holding.

Contrary to the majority, I find that the evidence in the record in the case at bar supports the referee's findings and conclusions that while these salespersons were free from the employer's control and direction in the performance of their services, they were nevertheless not customarily engaged in an independently established business within the meaning of ORS 657.040(2)(a) and (b).[1] I quote from the referee's decision:

---

[1] ORS 657.040:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the assistant director that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2)(a) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; or

"(b) Such individual holds himself out as a contractor and employs one or more individuals to assist in the actual performance of services and who meets the following criteria shall be deemed to have an independently established business:

"(A) The individual customarily has two or more effective contracts.

" * * * [N]ot one of the individuals whose services are in question have anything remotely resembling 'risk capital' invested in their occupation. They are but ordinary salesmen or bookkeepers with but the usual minimum of tools and equipment thereof. None of them had employes of their own. None of them are what could be called an 'entrepreneur' within the court's understanding and definition of the term in the Kirkpatrick case [*Kirkpatrick v. Peet,* 247 Or 204, 428 P2d 405 (1967)] and, consequently, none of them can be found to have been engaged in what subsection (2)(a) of ORS 657.040 terms 'an independently established business.'

"Under ORS 657.040(2)(b), an individual is deemed to have an independently established business but only if it is shown that he is himself an employer who satisfies each of the specific criteria described in the subsection. In several all important aspects the services of all of the individuals in question fail to come within the requirements of the statute, i.e., they did not employ anyone and additionally most of them did not work for anyone other than applicant during the period of time in issue. There is no evidence that they were recognized by the Department of Revenue as an employer, that they had separate telephone service, business cards or engaged in commercial advertising. Therefore, none of these individuals can be deemed to have an independently established business as provided under the provisions of ORS 657.040(2)(b)."

As the Oregon Supreme Court stated in *Kirkpatrick:*

" * * * [I]n using the word 'employment' in the Unemployment Insurance Act the legislature did not intend to incorporate the common law test for determining the master-servant relationship. * * *" 247 Or at 212. *Accord, Republic Dev. Co., Inc. v. Emp. Div.,* 284 Or 431, 587 P2d 466 (1978).

---

"(B) The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commercial advertising as is customary in operating similar businesses.

"(C) The individual is recognized by the Department of Revenue as an employer.

"(D) The individual furnishes substantially all of the equipment, tools and supplies necessary in carrying out his contractual obligations to his clients."

As our Supreme Court noted in *Kirkpatrick,* risk capital is capital invested for a profit where the investor assumes the risk of loss. Risk capital is money that is spent for material, labor costs and items such as subcontracts, the value of which could result in a monetary loss to the investor should the return be less than the amount invested.

The salespersons here are in substantially the same position as were the persons providing sales services in *Greater Port. Newcomers v. Morgan,* 14 Or App 333, 513 P2d 493 (1973), and *Revlon Services, Inc. v. Employment Div.,* 30 Or App 729, 567 P2d 1072 (1977). In both cases we affirmed the referee's determinations holding that these salespersons were employes within the meaning of the Unemployment Compensation Law.

This being the case, Publicity Providers has not sustained its burden of proving that it is exempt under ORS 657.040 from payment of unemployment compensation tax on those individuals listed in the referee's decision. *Republic Dev. Co., Inc. v. Emp. Div.,* 284 Or 431, 587 P2d 466 (1978).

I therefore respectfully dissent.